HAWKINS & CO.
*vs.*
RILEY.

17bm 101
e112 596

## Hawkins & Co. *vs.* Riley.

APPEAL FROM MADISON CIRCUIT.

Case 13.

ORD. PET.

1. Where the law prescribes a rule for the government of persons, vehicles, vessels, in meeting or passing on public highways, such rule should be observed; and if the party, vehicle, or vessel, thus meeting or passing one another, fail or neglect to comply with such rule, by which a collision and injury ensue, such person, vessel, or vehicle, should be regarded as in fault, and not allowed to recover damages. But if the party complaining observe such rules, and be not otherwise in fault, and sustain injury from collision with another vessel, or vehicle, the party injured will be entitled to damages, unless it appear that it could not have been avoided by the exercise of such prudence and skill as prudent and skillful men would have observed under like circumstances.

2. By the *Revised Statutes*, *chap.* 103, *p.* 678, a rule is prescribed to be observed by all vehicles running on turnpike and plank roads, to the effect that "when a fast vehicle overtakes one of slower movement, the latter shall leave to the right, so as to permit the other to pass on the left or near side." If this rule be observed, and the vehicle passing fail or neglect to use such skill and prudence as skillful and prudent drivers under like circumstances should and would use, the driver, and those employing him, will be responsible for any injury sustained.

3. If an injury occur by a collision, which is the result of wanton recklessness or gross negligence in driving a vehicle, a jury may assess exemplary damages; but if there is an absence of wanton recklessness or gross negligence, exemplary damages should not be given.

4. It is the duty of proprietors of stage coaches to employ prudent and skillful drivers, and if they fail in this duty, and injury result to others from their wanton recklessness or gross negligence, the proprietors, as well as the drivers, are responsible for exemplary damages.

HAWKINS & Co.
*vs.*
RILEY.

[The facts of the case are set out in the opinion of the Court.—REP.]

*Caperton* and *S Turner* for appellants—

1. The circuit court should have granted a new trial on the ground that the verdict was contrary to law and evidence, and because the damages assessed were excessive. The evidence shows that the actual injury did not exceed ten dollars, and there was no proof of recklessness or gross negligence.

The evidence shows clearly that it was impossible to avoid the collision, from the fact that the stage and buggy were so close together, and the sudden stopping of the latter, without greatly endangering the lives of the passengers in and on the stage.

Riley, the appellee, was moreover greatly in fault in suddenly stopping his buggy without any notice to the stage driver.

2. The circuit court erred in refusing to permit the appellants to prove that Roswell had the reputation of a good stage driver. This was admissible, to show a proper degree of care on the part of the proprietors of the stages.

3. The circuit court erred in instructing the jury, that if they found that Roswell was the servant of the other defendants, and drove the stage in and upon Riley's buggy, that the law was for Riley unless they believed that the injury was wholly unavoidable, or was superinduced by the misconduct of Riley; and in finding for Riley, they must give the actual injury he sustained, and may give exemplary damages at their discretion. This instruction, we insist, is not sanctioned by the law applicable to this case.— Its operation and effect is to authorize the jury to find exemplary damages if there had been the slightest neglect on the part of the driver, and though Riley may have been in fault, unless the injury was wholly unavoidable. The court is referred to the case of the *Tanawanda R. R. Co. vs. Munger*, reported in 5 *Denio's N. Y. Rep. p.* 255, and 4 *Comstock*,

349, *Supreme Court Rep. of New York*, as in conflict with the instruction above. See, also, *Chitty's Pleading*, 1 *East.* 106; *2 Kent's Com.* 259; *2 Rhode Island Rep.* 404, where the court say: "Legally speaking, negligence is the want of that care which the law requires us to exercise, and which the law exacts as a duty. This may be due to one individual and not to another, and therefore negligence in fact is not always negligence in law." Thus plainly showing that unlawful negligence is a relative term, and that one kind of negligence is illegal or culpable in one case according to the rights and circumstances of the parties, and is not so in another case. In *Trow vs. Vermont Central R. R. Co.* 24 *Vermont Rep.* 487, the court say "that the negligence of the defendant is proximate, and that of plaintiff remote, the action can then be sustained though the plaintiff is not entirely without fault." In the case of *Jarman, &c. vs. Funk*, 7 *B. Monroe*, 538, which was a case of collision between steamboats, the court said: "The plaintiff was only bound, in case the collision became apparent, to use such reasonable means as might then have been in his power, to avoid it, or to mitigate its consequences; but it was the duty of the defendant to use all reasonable care and effort, not merely to prevent damage, but to prevent the collision." This case shows that it is the duty of both parties to use reasonable care to prevent a collision, and that the extreme care required by the instructions of the court in this case is more than the law exacts.

4. The law does not make a defendant liable, in a case like this, to exemplary damages for the slightest neglect, or the want of extreme vigilance, caution and exertion, all which is required by the instruction of the court, and rendering appellants liable at the discretion of the jury, unless the collision was *wholly unavoidable*.

We insist that exemplary damages should not be given in any case, unless the act of the defendant

was willful, malicious, or wanton, or there was gross negligence. (3 *Starkie Ev.*, title *Trespass*, *p.* 1450; *Day vs. Woodworth*, 13 *Howard*, 363 ; *Johnson vs. Maddox*, 8 *B. Monroe*, 430; *Sedgwick on Damages*, 391; *Greenleaf Ev. sec.* 253 ; 2 *Ib. sec.* 266 *to* 272.)

The second instruction given by the court is liable to the same objection. It also requires extreme care to avoid exemplary damages.

The instructions given at the instance of the defendants do not correct the errors complained of. If they be inconsistent, such inconsistency is calculated to confuse the jury, and create a doubt as to which is the true rule of their action. (*Clay vs. Miller*, 3 *Monroe*, 89; *Tate vs. Parish*, 3 *Ib.* 327 ; *Gregory vs. Ford*, 5 *B. Monroe*, 472–3.)

*C. F. Burnham* and *D. Breck* for appellee—

The jury and the judge of the circuit court heard the testimony on both sides, knew the parties, and decided the case in the only way in which we think they could have decided it, that the collision was the result of gross carelessness and misconduct on the part of the stage driver.

The *Revised Statutes* lay down this rule to be observed by all vehicles running on any turnpike road —"when a fast vehicle overtakes one of slower movement, the latter shall bear to the right, so as to permit the other to pass its left or near side." In this case, according to all the testimony, the appellee was on the right of the road *in his place*. The turnpike road where the collision took place was nearly level, the descent being only one and a quarter degrees, or about three feet in one hundred yards. The appellee's buggy had stopped in full view of the stage, on the right side of the road, leaving eighteen feet of graded—upwards of twelve feet of McAdamized—road to the left—ample space for two stages to pass abreast. In regard to these particulars there is no contrariety of testimony. In regard to the distance between the stage and buggy when the latter

stopped, and the conduct of Roswell, the driver, after the collision, there was some confliction. But the testimony authorizes the conclusion that the distance was one hundred yards, and that the conduct of the driver was as charged in the petition—"that of a brute and a ruffian"—and if the jury took the view of the case which we have, and which we think supported by the testimony, then their finding was right, and the damages not only not excessive, but low.— The appellee was in no fault. He had, as the law directs, been leaving and running on the right side of the road, leaving two-thirds of the road to the left. The conduct of the stage driver was grossly negligent and wholly inexcusable, and there is no ground to doubt but that with ordinary skill and care he could have passed the buggy in perfect safety.

The appellee was not in fault in any degree. He had a right to stop, and stop where he did stop; his business was to mind his own carriage, and hearing the stage rapidly approaching, to take such position that it could safely pass on the left, if the driver, as he was bound to presume, knew his duty. Appellee was not bound to give notice of his intention to stop, nor was he bound; if ordered by the stage driver, to get out of the way farther than the law required.— The United States mail stages have no greater privileges than other vehicles. The stage was going rapidly, and instead of bearing to the left it bore to the right, and, as one witness said, *pulled the wrong oar* to avoid collision, and as the track of the stage showed.

It is denied that the court erred in its exposition of the law to the jury. All the instructions, taken together, were favorable to the appellants. The second, granted at the instance of the counsel of appellee, was the only one objected to, which is right if taken in connection with the first. For authority as to the amount of care and prudence on the part of drivers in the management of vehicles, the court is referred to

HAWKINS & Co.
vs.
RILEY.

the case of *Ingolls vs. Bills, &c.* 9 *Metcalfe*, 1, where the court seems to have examined the question with great care, and commented upon many of the leading cases. Their conclusion is, "that carriers of passengers in stages are bound *to use the utmost care* and dilligence in providing safe coaches, hands, horses and coachmen, and having thus provided the means, they are bound to use the utmost care and dilligence in managing, directing and using those means to guard against injury;" and most of the leading cases sustain the same view, as *Chester vs. Griggs*, 2 *Campbell*, 79 ; *Ashur vs. Huren*, 2 *Esp. R.* 533.

The sole question in the case is, was the injury produced by the misconduct of the stage driver without fault on the part of the appellee ?— If so, then the appellants are liable. The court is referred to *Blythe vs. Topham, Cro. Ja.* 158 ; *Bush vs. Brenard*, 1 *Cowen*, 78; *Howland vs. Vincent*, 10 *Metcalfe*, 371 ; *Munger vs. Tonawanda R. R. Co.*, 4 *Conn.* 349

We think the judgment should not be disturbed.

June 18.

Judge STITES delivered the opinion of the court.

This action was brought by Riley against Hawkins & Co., the proprietors, and Roswell, the driver, of a mail stage coach, running between Richmond and Lexington, for injuries alledged to have been done the plaintiff and his family, by the wanton, reckless and negligent conduct of the driver, in running the coach against and upsetting the buggy of of plaintiff, in which the latter and his wife and children were traveling upon the Richmond turnpike.

The answer of defendants put in issue all the material allegations of the petition, and set up in defence that the injury, if any, resulted from the fault of the plaintiff. Upon the trial below, the jury upon the evidence, and under the instructions of the court, returned a verdict for the plaintiff of two hundred and fifty dollars in damages, and a new trial having

been moved and denied, the defendants have appeal-
ed.

It is complained here that the verdict is excessive,
and not authorized by the evidence, and that the
court erred to appellants' prejudice, in granting in-
structions at plaintiff's instance. .

It appears from the bill of exceptions that Riley,
with his wife and little children, was traveling in a
buggy on the turnpike towards Richmond, some lit-
tle distance in advance of the coach, which was pro-
ceeding in the same direction; and desiring, for some
purpose, to stop, drew up on the right of the turn-
pike, next to the outer edge of the road, leaving the
coach to pass on the left.   In passing, or attempting
to pass the buggy, the collision between the vehicles
occurred—the wheels of the buggy next the coach
were crushed—the buggy was upset, and the other
injuries complained of ensued.   The occupants of the
buggy were greatly alarmed, and some of the chil-
dren slightly injured.

The question of fact, mainly controverted, was,
whether the collision was occasioned by the reckless-
ness and negligence of the driver of the coach, or
by the fault of the plaintiff in suddenly stopping in
advance of the coach.   Upon this point the evidence
was contradictory—the witnesses on either side va-
rying in their statements of facts, and also in their
opinions as to the culpability of the driver.

Without discussing the merits of the evidence,
which it was peculiarly the province of the jury to
determine, we shall proceed to notice the instructions
complained of.

The circuit court, at the instance of plaintiff, in-
structed the jury—1st. "If the jury believe, from the
evidence, that Roswell, as the servant of the other
defendants, drove his stage coach in and upon the
buggy of the plaintiff, then the law is for the
plaintiff, and the jury should so find, unless
they believe that such injury was *wholly unavoid-
able*, or was superinduced by the misconduct of the
plaintiff himself; and in finding for plaintiff they

1. Where the
law prescribes a
rule for the gov-
ernment of per-
sons, vehicles,
vessels, or per-
sons meeting or
passing on pub-
lic highways,
such rule should
be observed; &
if the party, ve-
hicle, or vessel,
thus meeting or
passing another,
fail or neglect
to comply with
such rule, by
which a collis-
ion and injury
ensue, such per-
son, vessel, or
vehicle, should
be regarded as
in fault, and not
allowed to re-
cover damages.
But if the party
complaining ob-
serve such rules,
and be not oth-
erwise in fault,
and sustain in-
jury from collis-
ion with another
vessel or vehi-
cle, the party
injured will be
entitled to dam-
ages unless it
appear that it
could not have
been avoided by
the exercise of
such prudence
and skill as pru-
dent and skillful
men would have
observed under
like circumstan-
ces.

must give him the actual injury sustained, and may give exemplary damages at their discretion."

2d. "That any negligence, inattention, or want of proper care on the part of the defendant Roswell, in driving, fixes the liability upon the part of himself and his employers, and the jury have the right to weigh all the facts in evidence as bearing upon the question of such negligence, inattention or want of proper care."

3d. "The fact that the United States mail was carried in said stage coach did not entitle the defendants to all the road; and if plaintiff's buggy was so situated at the time of the collision that the stage coach had room, with careful driving, to pass him in overtaking the buggy, by bearing to the left, then the defendants are liable in this action, if their coach did, in fact, run into and upon the buggy of plaintiff; provided the buggy, prior to and at the time of the collision, was on the right-hand side of the road, leaving the stage room to pass on the left."

4th. "That if Roswell was, at the time of said collision, the servant of the other defendants, they are responsible for the same, if the injury was the result of his misconduct and negligence."

If, as stated in the first instruction, the collision, and consequent injuries resulting therefrom, were superinduced by the misconduct of the plaintiff, it is very clear that he could not recover; and this qualification was properly inserted in the instruction.— But the jury are told in the same instruction, that, in the absence of any fault of the plaintiff superinducing the collision, to excuse the defendant, such collision must have been *wholly unavoidable*. Such, in our opinion, is not the proper criterion to test the liability of the defendants. Such a rule might be attended with great hardship and injustice, and would, in almost every case of collision, not brought about by the party complaining, subject the other to liability, notwithstanding the utmost reasonable care and prudence had been observed to avoid it. It renders

them liable unless the collision was *wholly unavoidable*, without any regard to the degree of care and skill exercised to prevent it.

The criterion adopted by this court in *Watson, &c. vs. McGuire*, decided at the present term, to test the liability of parties in cases of collision, is, in our opinion, applicable to the present case.

In traveling public highways, by land or water, if the law prescribes any particular rules to govern persons, vehicles, or vessels, in meeting or passing on such highways, such rules should be observed; and if a party, vessel, or vehicle, thus meeting or passing another, fails or neglects to comply with such regulations, and sustains any injury by collision with another in consequence of such failure or neglect, such person, vessel, or vehicle, should be regarded as in fault, and not allowed to recover damages therefor; but if the party complaining, whilst observing such prescribed regulations, and not otherwise in fault, sustains injury or damage from collision with another person, vessel, or vehicle, the latter should be held responsible for such injury or damage, unless it appears that it could not have been avoided by the exercise of such prudence and skill as prudent and skillful persons would have observed under the like circumstances.

By the *Revised Statutes* (*chap. 103, p. 678.*) it is provided, as one of the rules to be observed by all vehicles running on any turnpike or plank road, that "where a fast vehicle overtakes one of slower movement, the latter shall bear to the right, so as to permit the other to pass on its left or near side." Now, if the plaintiff below was, at the time of the collision, conforming to this regulation, and not otherwise in fault, and the collision could have been avoided by the driver of the coach by the use of such skill and prudence as skillful and prudent drivers, under like circumstances, should and would have observed, then the driver, and those in whose employ he was at the time, are responsible for the injury sustained.

2. By the *Rev. Stat., chap. 103, p.* 678, a rule is prescribed to be observed by all vehicles running on turnpike and plank roads, to the effect that "when a fast vehicle overtakes one of slower movement, the latter shall bear to the right, so as to permit the other to pass on its left or near side." If this rule be observed, and the vehicle passing

HAWKINS & CO.
vs.
RILEY.

fail or neglect to use such skill and prudence as skillful and prudent drivers, under like circumstances, should and would use, the driver, and those employing him, will be responsible for any injury sustained.

3. If an injury occur by a collision which is the result of wanton recklessness or gross negligence in driving a vehicle, a jury may assess exemplary damages; but if there is an absence of wanton recklessness or gross negligence, exemplary damages should not be given.

4. It is the duty of proprietors of stage coaches to employ prudent & skillful drivers; and if they fail in this duty, and injury result to others from their wanton recklessness or gross negligence, the proprietors, as well as the drivers, are responsible for exemplary damages.

In addition to the objection taken to the criterion of negligence adopted in the instruction, it is contended that it is erroneous in permitting the jury to give exemplary, or vindictive damages.

If the collision was brought about by the wantonness, recklessness, or gross negligence of the driver, then it was permissible in the jury, in view of all the facts, to award what the law terms exemplary damages as well against the proprietors as the driver—but for a mere casualty or collision, without such wantonness, recklessness, or gross negligence, exemplary damages should not be awarded.

It is the duty of the proprietors of stage coaches, and other public conveyances, to procure and employ prudent and skillful drivers; and if neglectful of their duty, they intrust their vehicles to men unskillful and imprudent, who recklessly, wantonly, or by gross negligence, whilst in their employment and service, injure the persons or property of others, the employers, as well as the drivers, should be held amenable, not only for the *actual* injury sustained, but for such exemplary damages as a jury, in view of all the attendant facts, should deem proper to award.

To exempt the proprietors from any liability beyond the actual injury in such cases, would in many cases deprive the traveling public of any protection from the gross and unwarrantable injuries inflicted by reckless and irresponsible drivers, and might lead those injured, knowing the irresponsibility of the employee, to take that redress in their own hands against the drivers, which the law refused them against the proprietors of the vehicle.

With regard to the instructions given at the instance of appellants, as well as the others granted for the appellee, we deem it unnecessary, after what has been said as to the general principles and main questions of law arising in the case, to notice them in detail. We will remark, however, that the granting of the appellants' instructions did not, as was

contended, have the effect to cure the errors contain-   McCLANAHAN
ed in those of appellee, nor render the latter less   vs.
available for reversal in this court.   BEASLEY.

For the errors in the instructions mentioned, the
judgment is *reversed*, and cause remanded for a new
trial in conformity with this opinion.